Alan Kang, Esq. (Bar No. 235080)
AK LAW, A.C.P.C.
333 City Blvd. West, 17th Floor
Orange, CA 92868-5905
Telephone: (714) 388-6937
Facsimile: (855) 820-1099
Email: alan@aklawsc.com

Adam M. Moskowitz (*pro hac vice* forthcoming)
adam@moskowitz-law.com
Howard M. Bushman (*pro hac vice* forthcoming)
howard@moskowitz-law.com
Joseph M. Kaye (*pro hac vice* forthcoming)
joseph@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JEANETTE MERCADO, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>EBAY INC., a Delaware Corporation,<br><br>      Defendant. | No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, AND QUASI-CONTRACT, RESTITUTION, UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>***CLASS ACTION*** |

-1-

Plaintiff Jeanette Mercado, on behalf of herself and other similarly situated consumers, hereby brings this action against eBay Inc. for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "CLRA"), and for quasi-contract/restitution/unjust enrichment.

## INTRODUCTION

1.      In the midst of the ongoing COVID-19 pandemic, while federal, state, and local governments around the country declare states of emergency and issue mandates for citizens to stay home and practice social distancing in order to avoid spreading the highly contagious novel coronavirus that causes an often severe and sometimes fatal respiratory infection, unscrupulous sellers opportunistically prey upon the public by gouging prices of essential items—like N-95, N-100 and surgical masks; hand sanitizer and gel; disinfectant sprays like Lysol; disinfecting wipes; toilet paper; gloves; paper towels; baby formula; baby wipes; tampons; and diapers—to unconscionably profit off of vulnerable and fearful consumers during these unprecedented times. Not only is such gross misconduct unfair and inhumane, it is a criminal offense that constitutes a per se violation of California's Unfair Competition Law. *See* Cal. Penal. Code §§ 396(h), (i).

2.      While eBay now publicly states that it is trying to stem the use of eBay's platform by sellers who have charged, and continue to charge, gouging rates to consumers across the country, eBay's very business model not only allows but encourages such price gouging, to eBay's financial benefit: in addition to charging fees for initially listing items, eBay charges a "final value fee" when items actually sell, which is calculated as a percentage of the total amount of the sale.[1] Thus, the higher the sale price, the more profit eBay stands to earn.

3.      California has been at the front lines of the fight against the COVID-19 pandemic. Indeed, on February 3, 2020, Santa Clara County—where eBay is headquartered—was the first in the state to declare a state of emergency after its first confirmed COVID-19 infection. On March 4, 2020, Governor Newsom declared a State of Emergency per Government Code § 8625(c), and thereafter instructed all "individuals living in the State of California to stay home or at their place

---

[1] https://www.ebay.com/help/selling/fees-credits-invoices/selling-fees?id=4364#section2      (last accessed May 3, 2020).

of residence," and to "[c]onsider on-line ordering for food and other supplies."[2] By March 13, 2020, the United States of America declared a state of emergency pursuant to the National Emergencies Act.[3]

4.      Further, the CDC has advised all Americans to "[o]rder food and other items online for home delivery or curbside pickup (if possible)," and to "[o]nly visit the grocery store, or other stores selling household essentials, in person when you absolutely need to," as "[t]his will limit your potential exposure to others and the virus that causes COVID-19."[4]

5.      Due in large part to the widespread coronavirus shutdowns, and with product scarcity pervading brick-and-mortar establishments, online retailers have enjoyed unparalleled demand from consumers who need to obtain essential supplies without leaving their homes. It was against this dire backdrop that Senator Edward J. Merkey (D-Massachusetts) stated that internet-based retailers "have a particular responsibility to guard against price gouging in current circumstances as consumers—who are finding the shelves of local brick-and-mortar stores bare, and who may wish to avoid venturing into crowded stores and shopping malls—turn to the internet."[5]

6.      In short, the COVID-19 pandemic has sparked a profound shift in how the global market operates. In light of the conditions the pandemic created—where consumers are ordered to stay home and warned that venturing out into the public can be as dangerous as a game of Russian roulette—Plaintiff and the Class are left with no choice but to purchase essential goods like N-95, N-100 and surgical masks; hand sanitizer and gel; disinfectants like Lysol; disinfecting wipes; toilet paper; gloves; paper towels; baby formula; baby wipes; tampons; and diapers from online marketplaces like eBay.[6]

---

[2] https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/Self_Isolation_Guidance_03.16.20.pdf (last accessed May 3, 2020); *see also* https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (last accessed May 3, 2020).
[3] https://www.fema.gov/news-release/2020/03/13/president-donald-j-trump-directs-fema-support-under-emergency-declaration (last accessed May 3, 2020).
[4] https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/essential-goods-services.html (last accessed May 3, 2020).
[5] https://www.markey.senate.gov/imo/media/doc/letter%20to%20Bezos%20re%20coronavirus%20price-gouging.pdf (last accessed May 3, 2020).
[6] For these reasons, the Court should reject any attempt by eBay to enforce any restrictive provisions of the take-it-or-leave it contract against its customers, especially during this emergency

**7.** Plaintiff brings this action on behalf of herself and all others similarly situated to hold eBay accountable for permitting price gouging to run rampant across its platform in order to enrich itself at the expense of vulnerable consumers in California and nationwide.

<u>**JURISDICTION AND VENUE**</u>

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Federal Rules of Civil Procedure 23 and the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and a substantial number of members of the nationwide class are citizens of a state different than eBay.

9. Venue is proper in this district and division under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Further, eBay resides in this district and is subject to personal jurisdiction in the Northern District of California.

10. Pursuant to Local Rules 3-2(c) and 3-5(b), a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Santa Clara County, where eBay is located, and this case should be assigned to the San Jose division, pursuant to Local Rule 3-2(e).

<u>**PARTIES**</u>

11. Plaintiff Jeanette Mercado is a resident and domicile of Orange County, California, and thus a citizen of California.

12. Defendant eBay, Inc. is a Delaware corporation with its principal office at 2025 Hamilton Avenue, San Jose, California 95125. eBay is thus a citizen of California.

13. eBay may be served through its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

14. Venue is proper in this Court since this action has a substantial connection to this forum because all of eBay's conduct as alleged herein emanated from its principal place of business in Santa Clara County, California.

<u>**FACTUAL ALLEGATIONS**</u>

time in our country, as unconscionable, contrary to public policy, and unenforceable.

-4-

15.     eBay is an online auction and classified advertisement website. eBay is the world's largest open marketplace with **1.3 billion** listings live at any given time and with millions of transactions happening every day on its platform across more than 190 markets.[7]

16.     Under current Centers for Disease Control and Prevention (CDC) guidance, N95 respirators are critical supplies that must be reserved for health care workers and other medical first responders, rather than sold to the general public.[8] As further stated by Mike Roman, CEO of 3M (who manufactures  n95 masks), "[e]very respirator mask that's available right now should be going to a healthcare worker on the front lines, caring for coronavirus-infected patients. They should not be sold in stores to consumers."[9]

17.     On March 14, 2020, Jeanette, an Uber and Lyft driver—performing an essential business and high-at-risk for infection due to the close proximity to the public—was sold a 2-pack of n95 masks on eBay for a total of $23.98. As the retail price of these masks as listed by Home Depot, O'Reilly's Auto Parts, and other national retailers never exceeded $8.99, Jeanette purchased the masks at a nearly **300% markup**.

18.     California's anti-price gouging statute, Cal. Penal Code § 396, strictly prohibits price gouging during a declared emergency, and was enacted because "some merchants have taken unfair advantage of consumers by greatly increasing prices for essential consumer goods and services."  Cal. Penal Code § 396(a). The legislature acknowledged that "[w]hile the pricing of consumer goods and services is generally best left to the marketplace under ordinary conditions, when a declared state of emergency or local emergency results in abnormal disruptions of the market, the public interest requires that excessive and unjustified increases in the prices of essential consumer goods and services be prohibited."  *Id*.

19.     To discourage price gouging, and make the prohibition effective and enforceable, California's anti-price gouging statute prohibits raising the price of many consumer goods and

---

[7]     https://www.ebayinc.com/stories/news/we-are-actively-removing-price-gouging-prohibited-items-from-ebays-marketplace/ (last accessed May 3, 2020).
[8]     https://www.fda.gov/medical-devices/personal-protective-equipment-infection-control/n95-respirators-and-surgical-masks-face-masks (last accessed May 3, 2020).
[9]     https://www.cnn.com/2020/03/23/business/3m-ceo-n95-masks-target/index.html (last accessed May 3, 2020).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS. & PROF. CODE § 17200

services by more than 10% after an emergency has been declared, rendering presumptively unlawful any price increases above that threshold. Specifically, the governing statute provides in pertinent part:

> Upon the proclamation of a state of emergency declared by the President of the United States or the Governor, or upon the declaration of a local emergency by an official, board, or other governing body vested with authority to make that declaration in any county, city, or city and county, and for a period of 30 days following that proclamation or declaration, it is unlawful for a person, contractor, business, or other entity to sell or offer to sell any consumer food items or goods, goods or services used for emergency cleanup, emergency supplies, medical supplies, home heating oil, building materials, housing, transportation, freight, and storage services, or gasoline or other motor fuels for a price of more than 10 percent greater than the price charged by that person for those goods or services immediately prior to the proclamation or declaration of emergency.

Cal. Penal Code § 396(b). Such price increases are only permitted under California Penal Code § 396(b) if they are "directly attributable to additional costs" imposed on the seller by an upstream supplier or due to "additional costs for labor or materials used to provide the services [] during the state of emergency or local emergency." *Id*.

20.     Not only is a violation of California's price gouging law a misdemeanor offense, punishable by imprisonment up to a year, or a fine of up to $10,000, or both, it is a per se "unlawful business practice and an act of unfair competition within the meaning of Section 17200 of the Business and Professions Code." *Id*. §§ 396(h)–(i).

21.     The price protections set forth in California Penal Code § 396 were triggered no later than February 3, 2020, when Santa Clara County declared California's first state of emergency relating to COVID-19.  From that point forward, price increases anywhere in California exceeding the 10 percent statutory threshold were presumptively unlawful. Subsequently, Governor Newsom declared a statewide State of Emergency on March 4, 2020, and the United States federal government followed suit and declared a national state of emergency on March 13, 2020. While § 396(b) provides that a prohibition on price gouging lasts 30 days after each declared emergency, through Executive Order N-44-20, Governor Newson extended California's price gouging prohibition for all products covered by § 396(b) until September 4, 2020, in accordance with § 396(g) (providing that prohibition on price gouging may be extended "for additional 30-day periods, as needed, by a local legislative body, local official, the Governor, or the Legislature, if

deemed necessary to protect the lives, property, or welfare of the citizens.").

22.     According to E Commerce Bytes, April 30, 2020:[10]

Ecommerce platforms are under scrutiny for their listings of high-demand items at exorbitant prices as people complain of price gouging during the coronavirus outbreak - including lawmakers and regulators. Online sellers have both defended the practice as capitalism's supply-and-demand model and condemned the practice as exploitive during a public health crisis. . . .

The poster child of "price gouging" was the seller profiled in the New York Times in early March who reportedly bought up nearly 18,000 bottles of hand-sanitizer to sell on eBay. He donated the bottles after a backlash, and the state Attorney General began an investigation. . To some who are outraged about the items and prices turning up on marketplaces, it feels like platforms are swatting at listings that violate the bans, such as eBay's ban on face masks and other items.

23.     To avoid adverse publicity while at the same time allowing price-gouging to flourish on its platform, eBay took what it knew to be superficial and ineffective steps to end acknowledged price-gouging on its platform.   Beginning on March 5, 2020, eBay reported that it had "implemented a ban on certain items listed on our site, which includes blocking new listings and removing existing ones that sell: masks including N95/N100 and surgical masks; hand sanitizers/gels; and disinfecting wipes. This week, we expanded the restricted items list to include toilet paper, baby formula and baby wipes, tampons and diapers, which will only be permitted for sale by business sellers in a fixed price format. In addition, we have added a price gouging reporting tool, allowing people to report items that violate our policies in real time." [11]

24.     eBay knows that its "ban" is insufficient and ineffective to halt the rampant price gouging that pervades its platform: while it has sought to remove "millions" of listings violating the "ban," any such action failed to effectively stop the ongoing price gouging where on any given day it hosts over 1.3 **billion** listings. [12]

25.     eBay's business model incentivizes it to turn a blind eye to price gouging in most cases: in addition to charging fees for initially listing items, eBay charges a "final value fee" when

---

[10] https://www.ecommercebytes.com/C/abblog/blog.pl?/comments/2020/3/1585061795.html/1/0 (last accessed May 3, 2020).
[11]     https://www.ebayinc.com/stories/news/we-are-actively-removing-price-gouging-prohibited-items-from-ebays-marketplace/ (last accessed May 3, 2020).
[12] _Id._ (last accessed May 3, 2020).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS. & PROF. CODE § 17200

1    items actually sell, which is calculated as a percentage of the total amount of the sale.[13] Thus, the

2    higher the sale price, the more profit eBay stands to earn.

3        26.    For this reason, even months after eBay implemented its ban, there are many

4    examples of essential products such as n95 masks continuing to be sold on eBay for exorbitant and

5    unconscionable prices. Below are but a few examples:



---

13 https://www.ebay.com/help/selling/fees-credits-invoices/selling-fees?id=4364#section2    (last
accessed May 3, 2020).

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS.
& PROF. CODE § 17200



CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS. & PROF. CODE § 17200



CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS.
& PROF. CODE § 17200

27.     Moreover, eBay's public touting of a purported "ban" on price gouging is itself likely to mislead consumers, because it creates the false impression that the remaining listings for essential products have been screened for unlawful price-gouging.

28.     eBay's purported crack-down on unlawful sales on its platform is deliberately pretextual, undertaken with "a wink and a nod" to the continued daily sale of tens of thousands essential products at price-gouging prices. The upside for eBay in allowing this rampant price-gouging on its platform is clear: eBay's posted revenues since the beginning of the COVID-19 pandemic have surpassed all prior expectations, and eBay shares have added about 8.2% since the beginning of the year versus the S&P 500's decline of -11.4%.[14]

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this proposed action on behalf of herself and, pursuant to Rule 23, subdivisions (a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following National Class and California Class (collectively, the "Classes"):

**National Class**:

> All persons who purchased a Protected Product on eBay.com on or after February 4, 2020, at a price 10 percent greater than the price charged on eBay.com, for the same Protected Product (a) on February 2, 2020, or (b) immediately prior to any declaration of a State of Emergency relating to the COVID-19 crisis.

**California Class:**
> All persons who purchased in California a Protected Product on eBay.com on or after February 4, 2020 at a price 10 percent greater than the price charged on eBay.com for the same Protected Product (a) on February 2, 2020, or (b) immediately prior to any declaration of a State of Emergency relating to the COVID-19 crisis.

> "State of Emergency" is defined in the Classes as any emergency relating to COVID-19 or the novel coronavirus declared by (a) the President of the United States, (b) the Governor of California, or (c) any official, board, or other governing body vested with authority to make that declaration in any county or city of California. States of Emergency were declared on at least the following dates:   February 3, 2020 (Santa Clara County, California); March 4, 2020 (California, Governor Newsom—extended through September 4, 2020 per

---

[14] https://www.nasdaq.com/articles/ebay-ebay-q1-earnings-and-revenues-top-estimates-2020-04-29 (last accessed May 3, 2020).

Executive Order N-44-20[15] dated April 3, 2020); March 13, 2020 (United States, President Trump).

"Protected Product" is defined in the Classes as all consumer food items or goods, goods or services used for emergency cleanup, emergency supplies, medical supplies, home heating oil, building materials, housing, transportation, freight, and storage services, or gasoline or other motor fuels. *See* Cal. Penal Code § 396(b).

30.     Plaintiff reserves the right to revisit the Class definition based upon information learned through discovery.  Plaintiff further reserves the right to amend this Complaint to join additional plaintiffs asserting additional claims on behalf of other state-only classes.

31.     Excluded from the proposed Classes are Defendant eBay; Defendant's affiliates and subsidiaries; Defendant's current or former employees, officers, directors, agents, and representatives; and the district judge or magistrate judge to whom this case is assigned, as well as those judges' immediate family members.

32.     **Numerosity:** There are thousands of members of each of the Classes, which are thus so numerous that joinder of all members is impracticable. The precise number of Class members is not available to Plaintiffs at this time, but the identities and addresses of the members of these Classes can be readily ascertained from business records maintained by eBay.

33.     This action may appropriately proceed as a class action because Plaintiff seeks equitable relief that will apply to the Class as a whole and, further, because Plaintiff will prove the elements of their damages claims with predominantly common evidence.

34.     **Commonality and Predominance:**   Numerous questions of law and fact are common to the claims of the Plaintiffs and members of the proposed Class, and these common questions predominate over any questions affecting only individual Class members.  These include, but are not limited to:

(a) Whether products were offered and sold on the eBay platform at inflated prices in California during the COVID-19 pandemic;

(b) Whether those prices were in excess of 10 percent on products protected under California Penal Code § 396;

---

[15]   *See*   https://www.gov.ca.gov/wp-content/uploads/2020/04/4.3.20-EO-N-44-20-text.pdf   (last accessed May 3, 2020).

(c) Whether those sales occurred after qualifying declared states of emergency in California under California Penal Code § 396;

(d) Whether and the extent to which a reasonable consumer would be mislead by eBay's actions regarding the prices charged in those sales;

(e) Whether and the extent to which a reasonable consumer would be mislead by eBay's actions regarding its purported screening for and "ban" on price-gouging;

(f) Whether and the extent to which consumers in California were and are being harmed by eBay's actions;

(g) The extent to which eBay was enriched unjustly by its actions; and

(h) Whether Plaintiffs are entitled to injunctive relief and the appropriate scope of any equitable relief.

35.    **Typicality:**   Plaintiffs' claims are typical of the claims of all Class members because, among other things, all Class members were comparably and similarly injured by eBay's wrongful conduct alleged herein.  Plaintiffs, like all Class members, purchased essential products from eBay at prices that were unlawfully inflated during the COVID-19 pandemic.

36.    **Adequacy:**   Plaintiff is willing and prepared to serve the Court and the proposed Classes in a representative capacity. Undersigned Counsel have served as Lead Counsel in some of the largest consumer class actions in the country.  Plaintiff will fairly and adequately protect the interests of the Classes and has no interests that are adverse to, or which materially and irreconcilably conflict with, the interests of the other members of the Classes. The self-interests of Plaintiff are co-extensive with and not antagonistic to those of absent Class members. Plaintiff will undertake to represent and protect the interests of absent Class members. Plaintiff has engaged the services of counsel indicated below who are experienced in complex class litigation and life insurance matters, will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and the putative Class members.

37.    **Injunctive and declaratory relief:**   By way of the conduct described in this Complaint, defendant has acted on grounds that apply generally to the proposed Class.

-13-

1    Accordingly, final injunctive relief or corresponding declaratory relief is appropriate respecting the

2    Class as a whole.

3        38.    **Superiority:**  A class action is superior to all other available methods for the fair

4    and efficient adjudication of this controversy, and no unusual difficulties are likely to be

5    encountered in its management.  Even if members of the proposed Class could sustain individual

6    litigation, the injuries suffered by individual Class Members are, though important to them,

7    relatively small compared to the burden and expense of individual prosecution needed to address

8    eBay's conduct.  Individualized litigation presents a potential for inconsistent or contradictory

9    judgments. In contrast, a class action presents far fewer management difficulties; allows the

10   hearing of claims that might otherwise go unaddressed; and provides the benefits of single

11   adjudication, economies of scale, and comprehensive supervision by a single court.

12       39.    Nature of Notice to the Proposed Classes. The names and addresses of all Class

13   Members are contained in the business records maintained by eBay and are readily available to

14   eBay. The Class Members are readily and objectively identifiable. Plaintiffs contemplate that

15   notice will be provided to Class Members by e-mail, mail, and published notice.

16                                    <u>**CLAIMS FOR RELIEF**</u>

17                                  <u>**FIRST CAUSE OF ACTION**</u>
18                   **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
                               **(CAL. BUS. & PROF. CODE § 17200)**
19                      (***on behalf of Plaintiff and the California Class***)

20       40.    Plaintiff repeats and realleges the allegations in paragraphs 1–39 as if set forth

21   herein in full.

22       41.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et

23   seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business

24   act or practice."

25       42.    Any violation of California Penal Code § 396 "constitute[s] an unlawful business

26   practice and an act of unfair competition within the meaning of Section 17200 of the Business and

27   Professions Code."  Cal. Penal Code § 396(i).

28

43.     As set forth herein, eBay violated California Penal Code § 396(b) because, after states of emergency were declared in California in relation to COVID-19, eBay offered to sell and sold essential items—like N-95, N-100 and surgical masks; hand sanitizer and gel; disinfectants like Lysol; disinfecting wipes; toilet paper; gloves; paper towels; baby formula; baby wipes; tampons; and diapers—at prices "10 percent greater" than the price eBay charged "immediately prior to the proclamation or declaration of emergency."   Cal. Penal Code § 396(b).   These Protected Products eBay sold or offered to sell at statutorily excessive prices constitute "consumer food items or goods, goods or services used for emergency cleanup, emergency supplies, medical supplies, home heating oil, building materials, housing, transportation, freight, and storage services, or gasoline or other motor fuels." *Id.*

44.     On information and belief, the increased prices paid for the Protected Products offered and sold on the eBay platform were not directly attributable to additional costs imposed on eBay by the suppliers of the Protected Products, and eBay offered and sold many Protected Products in excess of 10 percent even when accounting for any additional costs and the markup eBay customarily applies to the Protected Products.  § 396(b).

45.     All products available on eBay.com are offered for sale or sold by eBay, and thus eBay is liable under California Penal Code § 396(b), and the UCL, for all unlawful prices on its platform. Consumers purchasing third-party supplied products interact almost exclusively with eBay, which, functioning as the seller for the purposes of § 396(b), controls virtually all aspects of the transaction including, in some cases, the price itself. Even with respect to products priced by third-party suppliers, eBay functions as the seller for purposes of § 396(b), because it is the entity that offers the products for sale and controls the transaction.

46.     eBay is thus liable to Plaintiff and the other members of the Classes under either or both the "unlawful" and "unfair" prongs of the UCL.

47.     In the alternative, or in addition, eBay is liable under the UCL for products priced by third-parties because eBay (a) furnished the means for the violation of § 396(b) and (b) aided and abetted the third-party suppliers through active participation in their wrongdoing.

48.     Republic has been unjustly enriched by the foregoing alleged misconduct. Because the utility of eBay's conduct (zero) is outweighed by the gravity of harm to Plaintiff, members of the Classes, consumers, and the competitive market, eBay's conduct is "unfair" having offended an established public policy.   Further, eBay engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to the public at large. There were reasonably available alternatives to further eBay's legitimate business interests other than the conduct described herein.

49.     As a direct and proximate result of eBay's unlawful and unfair business acts and practices, Plaintiff and the other members of the Classes have suffered and will continue to suffer injury to their property. Plaintiffs are entitled to injunctive, restitutionary, and other equitable relief available under the UCL to put an end to its unlawful business acts and practices described above.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**
**(CIVIL CODE § 1750 et seq.)**
***(on behalf of Plaintiff and the California Class)***

50.     Plaintiff repeats and realleges the allegations in paragraphs 1–39 as if set forth herein in full.

51.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "CLRA"). Plaintiff's CLRA claim, which courts have previously held applies to eBay, rises and falls with her UCL claim. *See, e.g., Rosado v. eBay, Inc.*, 53 F. Supp. 3d 1256 (N.D. Cal. 2014). This is also true even where there is no direct transaction or contractual relationship between eBay and Plaintiff or other members of the Classes. *See, e.g., Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1183–1184 (N.D. Cal. 2017).

52.     Plaintiff is a consumer as defined by California Civil Code §1761(d).  The essential Protected Products at issue in this lawsuit—including N-95, N-100 and surgical masks; hand sanitizer and gel; disinfectants like Lysol; disinfecting wipes; toilet paper; gloves; paper towels; baby formula; baby wipes; tampons; and diapers—are "goods" within the meaning of the CLRA.

53.     Defendant eBay violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Classes that were intended to result in, and did result in, the sale of Protected Products, which

-16-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS. & PROF. CODE § 17200

1  are "consumer food items or goods, goods or services used for emergency cleanup, emergency

2  supplies, medical supplies, home heating oil, building materials, housing, transportation, freight,

3  and storage services, or gasoline or other motor fuels" at prices "10 percent greater" than the price

4  eBay charged "immediately prior to the proclamation or declaration of emergency,"  Cal. Penal

5  Code § 396(b):

> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have…
> * * *
> (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another…
> * * *
> (14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

12  54.  In addition, eBay's purported screening for and purported "ban" on price-gouging

13  activity on its platform violated and continues to violate the Act by "[r]epresenting that [the

14  Protected Product" has been supplied in accordance with a previous representation when [it has]

15  not. California Civil Code §1770(a)(16).

16  55.  Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court

17  order enjoining the above-described wrongful acts and practices of Defendant.

**THIRD CAUSE OF ACTION**
**QUASI-CONTRACT/RESTITUTION/UNJUST ENRICHMENT**
*(on behalf of Plaintiff and the National  Class)*

20  56.  Plaintiff repeats and realleges the allegations in paragraphs 1–39 as if set forth

21  herein in full.

22  57.  eBay has exploited vulnerable consumers by selling, and offering for sale, products

23  at excessive prices during COVID-19 pandemic. Facing retail scarcity, and official warnings as to

24  the risks of public interaction, consumers have turned to eBay as a lifeline to obtain goods vital to

25  their safety, health, and well-being.  California law, and basic principles of equity and fair dealing,

26  prohibit sellers from capitalizing on such exigencies to charge consumers excessive prices.

27  58.  By selling consumer goods, emergency supplies, medical equipment and other

28  essential products at excessive and inflated prices during the COVID-19 pandemic, eBay was

-17-

unjustly enriched. For instance, eBay profited on the sale of every n95 mask sold notwithstanding that they are supplied by third-parties because eBay retains a portion of the transaction proceeds. All of these inflated profits were conferred by California consumers, and retained unjustly by eBay.

59.    In selling goods at excessive prices during a public health crisis, eBay knew that it was overcharging consumers, that consumers would be harmed, and that by retaining the sale proceeds eBay would be unjustly enriched.

60.    It is inequitable for eBay to retain these financial benefits to the detriment of Plaintiff and the Class.

61.    In the event Plaintiff is determined to lack an adequate remedy at law, eBay is required to make restitution in equity pursuant to the common law of unjust enrichment.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment:

 A.  Certifying the Classes as requested herein;

 B.  Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

 C.   Awarding restitutionary and other appropriate equitable relief to Plaintiff and the proposed Class members;

 D.  Awarding attorneys' fees and costs; and

 E.  Affording such further relief as may be just and proper

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: May 4th, 2020.

      Respectfully submitted,

      By: */s/ Alan Kang*

      Alan Kang, Esq. (Bar No. 235080)
      **AK LAW, A.C.P.C.**
      333 City Blvd. West, 17th Floor

-18-

Orange, CA 92868-5905
Telephone: (714) 388-6937
Email:  alan@aklawacpc.com

Adam M. Moskowitz
(*pro hac vice forthcoming*)
adam@moskowitz-law.com
Howard M. Bushman
(*pro hac vice forthcoming*)
howard@moskowitz-law.com
Joseph M. Kaye
(*pro hac vice forthcoming*)
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423


Jeffrey R. Sonn, Esq.
(*pro hac vice forthcoming*)
Fla. Bar. No. 773514
jsonn@sonnlaw.com
**Sonn Law Group**
One Turnberry Place
19495 Biscayne Blvd. Suite 607
Aventura, FL 33180
Tel. 305-912-3000
Fax: 786-485-1501

Andrew S. Friedman, Esq.
(*pro hac vice forthcoming*)
afriedman@BFFB.com
Francis J. Balint, Jr., Esq.
(*pro hac vice forthcoming*)
fbalint@BFFB.com
Bonnett Fairbourn Friedman & Balint, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199

***Counsel for Plaintiff and the Classes***

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. CIV. CODE § 1750 et. seq. ("CLRA"); CAL. BUS. & PROF. CODE § 17200